UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKESE T. PETTY, AA0987,<br>　　　　Plaintiff,<br>　　v.<br>D. BRADBURY, et al.,<br>　　　　Defendants. | Case No. 16-cv-01978-SK (PR)<br><br>**ORDER OF SERVICE** |

　　Plaintiff, a prisoner at California State Prison, Sacramento, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging use of excessive force while he was incarcerated at Pelican Bay State Prison (PBSP).

　　The complaint is properly before the undersigned for preliminary screening because plaintiff has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

## DISCUSSION

A.　Standard of Review

　　Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff alleges that on October 30, 2015, PBSP Correctional Officer Loftin shot him in the neck with a 40mm "block gun" during an altercation with another prisoner.  ECF No.1 (Compl.) at 5.  According to plaintiff, the shot was intentional "to injure plaintiff" because Loftin had just witnessed plaintiff fall to the floor "helpless" after the other prisoner had struck him.  Id.

Plaintiff seeks damages from Loftin.  He also seeks damages from PBSP Deputy Warden D. Bardbury and Sergeant J. Silva because "had [they] properly trained and supervised Defendant Loftin's possession and use of the 40mm block gun then plaintiff would not have been shot for being a victim of attack by another prisoner."  Id. at 6.

Liberally construed, plaintiff's allegations state an arguably cognizable § 1983 claim for damages against Loftin for use of excessive force in violation of the Eighth Amendment.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (prison officials use excessive force in violation of 8th Amendment if force is used maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline).  But the same cannot be said of plaintiff's allegations regarding Silva and/or Bradbury.

A supervisor may be liable under § 1983 only if the supervisor was personally involved in the constitutional deprivation, or if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012).  The supervisor also must have had the requisite state of mind to establish liability, which turns on the requirement of the particular claim — and, more specifically, on the state of mind required by the particular claim — not on a generally applicable concept of supervisory liability.  Oregon State Univ. Student Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).  Here, there is no indication

1   whatsoever that Bradbury and/or Silva "knowingly" acquiesced to any Eighth Amendment
2   violations by Lifton, which is the minimum requirement for an Eighth Amendment claim
3   based upon deliberate indifference. See id. at 1074-75 & n.18. Plaintiff's mere
4   speculation that had Bradbury and Silva properly trained and supervised Loftin, then
5   Loftin would not have shot plaintiff, at most states a claim for negligence or gross
6   negligence against Bradbury and/or Silva not cognizable under § 1983. See Farmer v.
7   Brennan, 511 U.S. 825, 835-36 & n.4 (1994); see also Taylor v. List, 880 F.2d 1040, 1045
8   (9th Cir. 1989) (under no circumstances is there liability under § 1983 solely because one
9   is responsible for the actions or omissions of another). Plaintiff's allegations regarding
10  Bradbury and Silva will be dismissed for failure to state a claim upon which relief may be
11  granted. See 28 U.S.C. § 1915A(b). Plaintiff's action for damages under § 1983 may
12  proceed against Loftin only.

## CONCLUSION

14  For the foregoing reasons and for good cause shown,

15  1.   The clerk shall issue summons and the United States Marshal shall serve,
16  without prepayment of fees, a copy of the operative complaint in this matter and all
17  attachments thereto, a magistrate judge jurisdiction consent or declination to consent form,
18  and a copy of this order on Correctional Officer Loftin at PBSP. (Deputy Warden D.
19  Bradbury and Sergeant J. Silva are dismissed.) The clerk also shall serve a copy of this
20  order on plaintiff.

21  2.   In order to expedite the resolution of this case, the court orders as follows:

22       a.   No later than 90 days from the date of this order, defendants shall
23  serve and file a motion for summary judgment or other dispositive motion. A motion for
24  summary judgment must be supported by adequate factual documentation and must
25  conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits
26  all records and incident reports stemming from the events at issue. A motion for summary
27  judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely
28  and adequate notice of what is required of him in order to oppose the motion. Woods v.

United States District Court
Northern District of California

3

1   Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland,
2   154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary
3   judgment). A motion to dismiss for failure to exhaust available administrative remedies
4   (where such a motion, rather than a motion for summary judgment for failure to exhaust, is
5   appropriate) must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004,
6   1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v.
7   Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca,
8   747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to
9   dismiss for failure to exhaust available administrative remedies).

   If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

   b.   Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

   c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against

4

1   you. If summary judgment is granted, your case will be dismissed and there will be no
2   trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).
3        Plaintiff also is advised that a motion to dismiss for failure to exhaust available
4   administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit
5   without prejudice. You must "develop a record" and present it in your opposition in order
6   to dispute any "factual record" presented by the defendants in their motion to dismiss.
7   Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). You have the right to present
8   any evidence to show that you did exhaust your available administrative remedies before
9   coming to federal court. Such evidence may include: (1) declarations, which are
10  statements signed under penalty of perjury by you or others who have personal knowledge
11  of relevant matters; (2) authenticated documents – documents accompanied by a
12  declaration showing where they came from and why they are authentic, or other sworn
13  papers such as answers to interrogatories or depositions; (3) statements in your complaint
14  insofar as they were made under penalty of perjury and they show that you have personal
15  knowledge of the matters state therein. In considering a motion to dismiss for failure to
16  exhaust, the court can decide disputed issues of fact with regard to this portion of the case.
17  Stratton, 697 F.3d at 1008-09.
18       (The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation
19  to serve said notices again concurrently with motions to dismiss for failure to exhaust
20  available administrative remedies and motions for summary judgment. Woods, 684 F.3d
21  at 935.)
22       d.    Defendants must serve and file a reply to an opposition not more than
23  14 days after the opposition is served and filed.
24       e.    The motion shall be deemed submitted as of the date the reply is due.
25  No hearing will be held on the motion unless the court so orders at a later date.
26       3.    Discovery may be taken in accordance with the Federal Rules of Civil
27  Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local
28  Rule 16 is required before the parties may conduct discovery.

1    4.  All communications by plaintiff with the court must be served on defendants,
2 or defendants' counsel once counsel has been designated, by mailing a true copy of the
3 document to defendants or defendants' counsel.
4    5.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
5 court and all parties informed of any change of address and must comply with the court's
6 orders in a timely fashion.  Failure to do so may result in the dismissal of this action
7 pursuant to Federal Rule of Civil Procedure 41(b).
8    **IT IS SO ORDERED**.
9 Dated: April 27, 2016  
   _____
10   SALLIE KIM
     United States Magistrate Judge